Mr. Chief Justice Bingham
delivered the opinion of the Court:
The complainant filed his bill in this cause as surviving partner of the firm W. G. Metzerott & Co., against the widow, heirs at law, and trustees under the will of his deceased co-partner, William G. Metzerott. The purpose of the suit is the sale and distribution of the proceeds of certain assets of the late firm, consisting of promissory notes and stock, and of certain real estate, standing partly in the name of the complainant, partly in the name of his deceased partner, and partly in the name of both.
The bill alleges that the real estate referred to is part of this property, and belongs in equal interest to complainant and the estate of his deceased partner; that Metzerott left a last will and testament, by which the title to such of said real estate as was vested in him alone, or in him and complainant jointly, passed, by a general clause covering all of his real estate, to his trustees, defendants Cross and Henrietta C. Metzerott, subject to an apparent right of dower in his widow, and therefore, to that extent, the partnership matters could not be settled without the intervention of the court.
The controversy on this hearing relates entirely to the real estate, and only to three parcels. In the answers o.f the parties, they say that the complainant is entitled to the relief which he asks with reference to all the property except the three pieces of real estate to which we will refer.
As to two of these, at the death of William G. Metzerott the title was in him, and as to the other the title was also in him, but as to that there is no claim upon the part of the complainant that the fee simple belonged to the partnership, but only that the partnership had constructed a *92 stable on this lot, and that he, as the surviving partner, was entitled to realize his interest in an alleged ownership of the stable which had been constructed and placed upon the lot by the firm.
' The answers of the trustees and of the heirs, probably more for want of knowledge than otherwise, allege that all the real estate in the name of William G. Metzerott, at the date of his decease, belonged to him individually, and that the firm of Metzerott & Co. had no interest in it.
Evidence has been taken as to the ownership of the three pieces of property, and we think it conclusively shows that all of them were, at the date of the death of Metzerott, partnership property except the lot upon which the stable was built, and that the stable was built with partnership funds, for the use and benefit of the firm. We find that in the accounts stated by Metzerott & Co. for some years before the dissolution of the firm by the death of Metzerott, and in their annual accounts-current the three parcels now in dispute were treated as partnership property and as belonging one-half to each of the partners. This is especially true in reference to the stable, and we find nothing in the record or in the testimony which would seem to refute the proof thus suggested by the books of the parties. Droop, the surviving partner, testifies that two of the parcels in dispute were owned . by the firm at Metzerott’s decease, and that the stable on the other was built, paid for, and used by the firm until the death of Metzerott.
It was objected on the hearing that Mr. Droop was not a proper witness ; that he was excluded from testifying, under Section 858 of the Revised Statutes of the United States, and by Section 876 of the Revised Statutes for the District of Columbia. But the provision of the last act is that all persons interested in suits are competent witnesses and may be compelled to testify, with an exception that in actions by or against executors, administrators, or guardians, in which judgment may be rendered for or against them, neither party shall testify.
*93 In this case it is true the bill refers to the defendants, Cross and Metzerott, as executors and trustees; but it is perfectly evident from the facts stated in the bill, and not denied in the answers, as well as from the averments in the answers, that this is a suit between the complainant and the defendants as trustees and not as executors. No judgment could be rendered for or against them as executors.' It is shown that the estate of William G. Metzerott has been settled by the executors. They have filed their final account in the Orphans’ Court, and the sum found in their hands has been distributed to themselves as trustees. Hence they have the control of this estate as trustees, not as executors. We think, therefore, that Droop is'not excluded from testifying by the terms of the statute to-which we have referred, and that he is a competent witness.
The court in Special Term ordered that the stable in question be sold at public sale, the purchaser to remove the same within thirty days from the date of sale, the proceeds to be equally divided between complainant and the widow. The stable was built with the consent of the owner by this partnership, and for the partnership use, the legal and equitable title to the lots being in Metzerott. It is a brick stable and manifestly intended to be a permanent addition to and betterment of the estate. We think the plaintiff is entitled to an ascertainment of the present value of the stable, to the owner in fee simple, and that he should have credit for one-half of that value in the settlement of his account in this case as the surviving partner of the firm.
For the purpose of ascertaining this fact, and possibly for the purpose of determining one or two other matters relating to rents, if since the death of Metzerott not already disposed of in the court below, the case will be remanded, and the decree of the court below modified as to the stable in accordance with this opinion.